{¶ 22} Although I agree with the decision ultimately reached by the majority to reverse the judgment of the trial court granting the motion to suppress, I disagree that the matter requires a remand for the trial court to make a probable cause analysis for the initial stop.
 {¶ 23} The issue here is whether Officer Mescall had the legal right to stop Korman's vehicle. Clearly, he did. The Ohio Supreme Court has held that "where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under theFourth Amendment * * *." Dayton v. Erickson, 76 Ohio St.3d 3,11, 1996-Ohio-431. Furthermore, "[t]his court has repeatedly held that a minor violation of a traffic regulation * * * that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation." State v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156, 1996 Ohio App. LEXIS 3361, at *7 (citations omitted);Warren v. Smith, 11th Dist. No. 2002-T-0063, 2003-Ohio-2113, at ¶ 7; State v. Livengood, 11th Dist. No. 2002-L-044, 2003-Ohio-1208, at ¶ 17; State v. Jones, 11th Dist. No. 2001-A-0041, 2002-Ohio-6569, at ¶ 17; State v. Molk, 11th Dist. No. 2001-L-146, 2002-Ohio-6926, at ¶ 15.
 {¶ 24} Here, Officer Mescall witnessed Korman commit two moving violations within a short distance, i.e., the crossing of the white edge line and the double-yellow center line. These observations were corroborated by videotape evidence taken from Officer Mescall's police cruiser. Thus, there is evidence in the record establishing all of the elements of the offense. The fact that Officer Mescall did not observe Korman subsequently violate additional traffic laws is irrelevant. State v. Hale, 11th Dist. No. 2004-L-105, 2006-Ohio-133, at ¶ 24 ("[w]here * * * there exists probable cause for a traffic stop, * * * [n]o further quantifying of the basis for the stop is necessary").
 {¶ 25} Once the aforementioned violations were observed, Officer Mescall had grounds to stop the vehicle and the motion to suppress should not have been granted, absent some evidence that further detention was unreasonable. Id. at ¶ 40, quoting Statev. Myers (1990), 63 Ohio App.3d 765, 771 ("[i]f circumstances attending an otherwise proper stop should give rise to a reasonable suspicion of some other illegal activity, different from the suspected illegal activity that triggered the stop, then the vehicle and the driver may be detained for as long as that new articulable and reasonable suspicion continues").
 {¶ 26} Here, Officer Mescall testified that upon pulling Korman's vehicle over, he detected the "very strong odor of alcoholic beverage coming from the driver." During the course of their encounter, Korman admitted to Officer Mescall that he had been drinking that night. These factors, together with Officer Mescall's observation of the initial traffic violations were enough to provide a reasonable basis to continue the detention for the purpose of investigating Korman for impairment. Accordingly, I would reverse the judgment of the trial court.